## Richmond

BENJAMIN EUGENE HOLLOMAN

V.

COMMONWEALTH OF VIRGINIA

March 6, 1981.

Record No. 800763.

Present: Carrico, C.J., Harrison, Cochran, Poff
Compton, Thompson, JJ., and Harman, S.J.

*Westbrook J. Parker (Parker, Clark & Parker,* on brief), for appellant.

*Pamela A. Sargent, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

This is an appeal from a conviction of the offense of possession of marijuana with intent to distribute. We must decide whether the trial court erred in failing to suppress the marijuana which was seized during a search, conducted under a defective warrant, for evidence of an unrelated offense.

Benjamin E. Holloman operated a small business establishment consisting of a general store, a restaurant, and an amusement center. The establishment was not licensed to sell alcoholic beverages. Two ABC investigators and three deputy sheriffs, armed with a warrant to search the premises "for certain concealed property, namely beer and whiskey", entered the building, identified themselves, and served Holloman with a copy of the warrant. Holloman, who was behind the store counter when the officers entered, stated that "[e]verything in this place is mine."

The officers observed "some beer cans sitting around in various places" and "some small cups sitting on the counter." The establishment "was full of people" and some "had beer in their hands". Opening the lid to an electric "cooler box", the officers found it "full of beer" of "various brands". They also discovered "one-half a gallon of vodka . . . about two-thirds full".

Investigator Turner saw what appeared to be "new bags" on the countertop and, on the shelf under the counter, some "brown bags that looked like they had been used but were ruffled up as if they had been handled with a small amount of something in them." He testified that he had to "stoop down" to see those bags but that he "didn't look in the bags because it didn't appear to be any bottles in them at the time."

Deputy Sheriff Kenneth Francis then "began to look around underneath the counter" and on a wall shelf behind the counter where he found five "real small bags." He "reached down and picked up the bags and looked in them." Three of the five contained one or more "clear plastic bags" filled with what proved to be marijuana, and one contained 18 "sealed yellow envelopes". Altogether, the officers seized 133.03 grams of the contraband.

Holloman was arrested and charged, *inter alia,* with the offense of possession of marijuana with intent to distribute. At the hearing on the

defendant's motion to suppress, the Commonwealth conceded that the search warrant was invalid. The motion was overruled and, over the defendant's objection, the bags and their contents were admitted into evidence at trial. The trial court, sitting without a jury, convicted the defendant of the offense and sentenced him to a five-year term to run concurrently with a sentence previously imposed on another conviction.

For purposes of this appeal only, we will assume the officers entered the defendant's public place lawfully and, having discovered in plain view the contraband listed in the warrant, *viz.,* "beer and whiskey", they were entitled to search the premises for other such contraband and to seize it as evidence of an offense committed in their presence. Indeed, the defendant acknowledges on brief that "Officer Turner was looking for other alcoholic beverages and it was proper to continue to search for that". The question we must decide, therefore, is whether the warrantless seizure of the marijuana was lawful.

Officers engaged in a lawful search may make a warrantless seizure of seizable items (contraband, fruits or tools of a crime, or other evidence of a crime) discovered in plain view, but "the discovery of evidence in plain view must be inadvertent." *Coolidge* v. *New Hampshire,* 403 U.S. 443, 469 (1971). This Court adopted the inadvertent discovery standard in *Lugar* v. *Commonwealth,* 214 Va. 609, 202 S.E.2d 894 (1974). There, officers were conducting a warrantless, consent search of an apartment for a fugitive. We said that the consent exception to the warrant requirement "gave the officers the right to make a reasonable search of places in the apartment where a fugitive might hide. It did not give them the privilege of searching in bank bags, trash containers or other spaces which obviously could not hide a man." *Id.* at 611-12, 202 S.E.2d at 897. Holding that the search of such places "was illegal and evidence seized as a result was inadmissible", *id.* at 613, 202 S.E.2d at 898, we reversed the judgment and remanded the case for a new trial.

*Lugar* controls here. The marijuana was packaged in envelopes in brown paper bags resting on a shelf under a counter. Clearly, the contraband was not in plain view. Nor was its discovery inadvertent. Rather, it was the product of a deliberate search into "spaces which obviously could not hide" the things which were the legitimate objects of the search. ABC Investigator Turner recognized that the "real small bags" did not contain alcoholic beverages. Even if Deputy Sheriff Francis thought they might, he should have learned otherwise when he picked them up and became aware of their size, shape, and weight.

We conclude that the search of the paper bags and the warrantless seizure of the product of that search was unlawful.

■ The Attorney General, contending that the search and seizure were made by officers in the execution of "a search warrant which they honestly believed to be valid", asks us to apply the "good faith exception" to the exclusionary rule adopted in *United States* v. *Williams,* 622 F.2d 830 (5th Cir. 1980). While we are persuaded by the logic in *Williams* and that of the "four current members of the United States Supreme Court [who] have urged [its] adoption", Ball, *Good Faith and the Fourth Amendment: The "Reasonable" Exception to the Exclusionary Rule,* 69 J. Crim. L. & Criminology 635 (1978), we cannot apply the exception here. *See Abell* v. *Commonwealth,* 221 Va. 607, 616, 272 S.E.2d 204, 210 (1980). The defective warrant purportedly granted the officers authority to search for alcoholic beverages only. Although they honestly believed they were vested with lawful power to conduct that search, they were charged under *Lugar* with the knowledge that they had no right to search into places which could not reasonably conceal the objects of their search.

Because the trial court erred in failing to exclude the evidence we have said was seized unlawfully, we will reverse the judgment and remand the case for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*