## Richmond

THOMAS FRANKLIN DRUMHELLER

V.

COMMONWEALTH OF VIRGINIA

June 18, 1982.

Records Nos. 810348
and 810409.

Present: All the Justices.

*William B. Allen, III; J. Daniel Pond, II,* for appellant.
*Elizabeth C. Gay, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

THOMPSON, J., delivered the opinion of the Court.

Thomas Franklin Drumheller was convicted in the trial court of first degree murder, abduction with intent to defile, use of a firearm in the commission of murder, and possession of a handgun after a felony conviction. On appeal, the sole issue before us is the sufficiency of the affidavit which supported a search warrant for Drumheller's residence and automobile. During the execution of the search warrant, Drumheller made certain incriminating statements which led to his arrest and eventual conviction.

Robert Atkins last saw his 21-year-old wife, Hope Rogers Atkins, alive as he left their home in Front Royal to go hunting early on December 7, 1979. At 6:45 a.m., a laundromat owner discovered a purse, coat, unattended laundry, and car at his establishment. A nearby resident remembered hearing two muffled screams at approximately 6:30 a.m. and also observed a green and black car leaving the laundromat.

On December 8, a magistrate issued a search warrant for Drumheller's residence and automobile based on the following sworn affidavit:

Before me, the undersigned, this day came Roger W. Fox, who, after being duly sworn, made oath that:

(1) He has reason to believe that on the premises known as Riverside Motor Court, Rt. 340S., Apt. #10 1967 Ply. FPE-497 in the county of Warren there is now being concealed certain property, namely 1 - Hope Rogers Atkins, 2 - Personal effects of Hope Atkins.

(2) He bases his belief that such property can be found on those premises on the following facts: On the morning of the abduction a car fitting Drumheller's car was seen leaving the area of the crime of Abduction that occoured [sic] at Eddie's Laundromat on 12-07-79 and that on Tuesday 12-04-79 he shook a dildo at two women on Rt. 522, also that the information he has is that Drumheller is known for unjust sexual acts.

(3)(a) He has personal knowledge of the facts set forth in paragraph (2). or

(3)(b) He was advised of the facts set forth in paragraph (2) by an informer. This informer's credibility or the reliability of the information may be adjudged by the following facts: Eyewitnesses and personal observation of past acts seen by 2 other witnesses.

(4)(a) The offense in relation to which the search is to be made is: Abduction.

(4)(b) The grounds for search and seizure are established by the following facts:

(1) Suspects [sic] vehicle was seen leaving area of crime 12-07-79.

(2) Suspect shook a dildo at two other women 12-04-79.

(3) Suspect is known for certain unjust sexual acts.

(5)(a) He has personal knowledge of the facts set forth in paragraph (4). or

(5)(b) He was advised of the facts set forth in paragraph (4) by an informer. This informer's credibility or the reliability may be adjudged by the following facts: Eye witness that says the car that left the scene is the same type and make that the suspect owns. Also it is the same color.

s/ Roger W. Fox<br>
Investigator

The police and local sheriffs executed the warrant that evening and gave Drumheller his *Miranda* warnings. Drumheller asked them to bring his uncle to his apartment. The police stood in the kitchen next to the room in which Drumheller spoke with his uncle. No door closed off the kitchen. They overheard Drumheller's inculpatory statements, at which time they gave him his *Miranda* warnings, arrested him, and searched his apartment. At trial, the prosecution offered into evidence Exhibit 10, a .22 caliber revolver discovered in Drumheller's bedroom.

On review, we consider only the written affidavit to determine whether a neutral and detached magistrate reasonably could have found probable cause. *Aguilar* v. *Texas,* 378 U.S. 108 (1964). We realize that search warrants "are normally drafted by non-lawyers in the midst and haste of a criminal investigation." *United States* v. *Ventresca,* 380 U.S. 102, 108 (1965). The "perspective of a legal technician" is inappropriate for examining the existence of probable cause. *Taylor* v. *Commonwealth,* 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981), *cert. denied,* 456 U.S. 906 (1982). Further, courts generally accord a preference to searches under warrants over warrantless searches and resolve doubtful cases in a "common-sense and realistic fashion." *Ventresca, supra* at 108, *Johnson* v. *United States,* 333 U.S. 10 (1948).

■ Briefly, Drumheller contends that the affidavit does not meet the requirements set forth in Code § 19.2-54. Code § 19.2-54 requires, among other things, that the affidavit allege briefly "material facts, constituting probable cause." Code § 19.2-54 (Suppl. 1981). Additionally, the affidavit must establish the credibility of the informants or the reliability of their information. *Aguilar* v. *Texas, supra; Spinelli* v. *United States,* 393 U.S. 410 (1969). If the affidavit fails to uphold a determination of probable

cause, then such failure renders the warrant void and the search illegal. Any evidence secured through an illegal search becomes inadmissible at trial. *Wong Sun* v. *United States,* 371 U.S. 471 (1963); *Mapp* v. *Ohio,* 367 U.S. 643 (1961); *Wiles* v. *Commonwealth,* 209 Va. 282, 163 S.E.2d 595 (1968)(insufficient affidavit). Drumheller would exclude the December 8 inculpatory statements and all evidence discovered therefrom because, he says, the affidavit was insufficient. We reject this argument.

The affidavit informed the magistrate that the offense charged was a recent abduction and that the purpose of the search was to locate Atkins or her "personal effects." It then briefly stated the material facts constituting probable cause. One eyewitness observed a car at the laundromat on December 7. A different eyewitness reported that a man had driven by her three days before, shaking a dildo in her direction. The descriptions of the observed car matched that of Drumheller's vehicle. The third ground set forth was that the affiant had information that Drumheller was "known for unjust sexual acts." We hold that the affidavit succinctly outlined material facts for an abduction investigation as required by Code § 19.2-54.

Next, Drumheller erroneously applies the test formulated in *Aguilar* and *Spinelli.* This test applies when the informant is an underworld figure or a professional informer; if the informer is an eyewitness or victim, a magistrate may infer credibility based on firsthand knowledge. *Saunders* v. *Commonwealth,* 218 Va. 294, 237 S.E.2d 150 (1977). A dual rationale supports this distinction. A crime rarely involves an eyewitness, thus, he remains unmotivated by self-interest. Second, an eyewitness does not repeat rumor, but states his observations. *United States* v. *Bell,* 457 F.2d 1231, 1239 (5th Cir. 1972). In the case before us, the affidavit contained two eyewitness reports from ordinary citizens. Under *Saunders,* the magistrate properly inferred their credibility and their information's reliability.

These facts constitute probable cause. We recently stated in *Taylor* "probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." 222 Va. at 820, 284 S.E.2d at 836. We find a recent case, *Schaum* v. *Commonwealth,* 215 Va. 498, 211 S.E.2d 73 (1975), helpful. The police observed a car, similar to the code-

fendant's car, near the scene of a burglary and then later at the residence of a "known fence." They arrested the defendant, based on these facts, and searched the car. We upheld the warrantless search, concluding that the facts established probable cause for the defendant's involvement in the burglary. The affidavit in the present case revealed that a car, matching the type and color of Drumheller's, left the scene of the abduction on the morning of December 7. Independent information revealed Drumheller had manifested sexually deviant behavior only three days before the abduction. A reasonably cautious person could conclude that Drumheller's involvement justified a search of his premises and car for the body or personal effects of Hope Atkins.

The trial court did not err in overruling the motion to suppress and in upholding the validity of the search warrant. The judgment of the trial court will be

*Affirmed.*

POFF, J., concurring.

I concur in the result. However, I am not satisfied that the facts stated in the affidavit are sufficient to satisfy the Fourth Amendment mandate or the requirements of Code § 19.2-54. Notwithstanding my view on this point, it is clear that the officer who conducted the search believed, as does the majority, that the affidavit and the warrant which he was executing were legally sufficient. Hence, application of the exclusionary rule does not serve the purpose contemplated by the Supreme Court when the rule was announced in *Weeks* v. *United States,* 232 U.S. 383 (1914).

Under the circumstances of this case, I would apply what has come to be known as the "good faith exception" to the exclusionary rule. *See Holloman* v. *Commonwealth,* 221 Va. 947, 950, 275 S.E.2d 620, 622 (1981); *Abell* v. *Commonwealth,* 221 Va. 607, 616-17, 272 S.E.2d 204, 210 (1980); *United States* v. *Williams,* 622 F.2d 830 (5th Cir. 1980), *cert. denied,* 449 U.S. 1127 (1981). *See also* Ball, *Good Faith and the Fourth Amendment: The "Reasonable" Exception to the Exclusionary Rule,* 69 J. Crim. L. & Criminology 635 (1978).

STEPHENSON, J., joins in the concurring opinion.