## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

v.

John Thomas

June 18, 1986

By JUDGE JOHN A. JAMISON

This is in response to arguments in support of the suppression motion made by Mr. Woodbridge, counsel for the defendant, and those of Mr. Dickinson, Assistant Commonwealth's Attorney, in opposition, in the above case.

It is the defendant's contention that the affidavit upon which the search warrant was based is defective, essentially because the papers in the file purporting to be the affidavit for search warrant and the statement of special agent S. W. Elam do not bear oaths or at least a sufficient number of oaths.

It is further contended that the box indicating the continuation to another sheet of recital of material facts under paragraph numbered four of the affidavit (Form DC-338), has not been checked. It should be noted that there is typed on the second dotted line under paragraph numbered four on the reverse side of said form the following: "See page # 2 of this affidavit attached to and made a part thereof" (sic). This is a reference to the statement of Agent Elam which is attached to the affidavit subscribed by Mr. Elam and signed by Mary Belle Stephens Thaxton, Magistrate. It is illogical to believe that the written statement by Mr. Elam is not a part of the affidavit. The statement bears his signature and the date Mrs. Thaxton authenticated it as a part of the single document, consisting of two pages. The fact that the box is not checked does not vitiate the document in view of the clear explanation typed below paragraph

numbered four indicating that the statement of the officer is attached and made a part of the entire document. A second, formal "subscribed and sworn to" would serve no useful purpose when it is clear that both of these important pages are a part of a single document. Is it possible that the unsworn carbon copy of the affidavit could have caused some confusion here? The carbon copy is simply an incomplete extra copy and not material to the question here presented. The search warrant signed by Mary Belle Stephens Thaxton and directed to Agent G. W. Elam does not require an affidavit. However, the reference cited over that document (Number DC-339 5-84) is sworn to by Mr. Elam before Margarett M. Cooke, Clerk, and the inventory list also a part of the search warrant and attached thereto has been signed by Mr. Elam and sworn to before Betty M. Marsh, a Notary Public of Culpeper County.

I therefore find that these papers bear sufficient formality by way of being subscribed and sworn to, to comply with the statutory requirements of Code Section 19.2-54.

In *Garza* v. *Commonwealth*, 228 Va. 559 (1984), it is stated, "[i]n order to decide whether an affidavit was sufficient to support a search warrant, the court must look to the totality of the circumstances." Although the foregoing notation applies to a different aspect of the affidavit from the one in this case, it addresses an important point in the decision as to what is a valid search warrant.

See *Drumheller* v. *Commonwealth*, 223 Va. 695 (1982), cert. denied 459 U.S. 913, in which the court stated:

> Search warrants are normally drafted by non-lawyers in the midst and haste of a criminal investigation. The perspective of a legal technician is inappropriate for examining the existence of probable cause.

An apt statement indeed in view of the extremely precise requirements insisted upon by the defendant. With respect to the foregoing, it must be borne in mind that the statement by the officer is a part of the printed page to which it is attached, which is properly acknowledged.

Another objection is that Officer Elam states that "Detective Mickey H. Coffey of the Stafford Sheriff's Department is the one who received information from an unnamed confidential, reliable informant" and that Mr. Elam himself should have been the one to have shown his reliance upon the unnamed informer rather than Mr. Coffey or that, in the alternative, Mr. Coffey should have been the officer making the affidavit.

At first blush, given a lawyer's natural doubt concerning hearsay, one might question such a circuitous relay of information. However, only probable cause need be stated and there are no specific requirements for showing probable cause so long as a magistrate, under all of the circumstances presented, believes that probable cause exists to issue the warrant.

No case in point disallowing the statement of such a third party as Mr. Coffey is cited. However, the Fourth Circuit case of *United States* v. *Welebir*, 498 F.2d 346 (4th Cir. 1974), seems specifically to allow this. At this point, I cannot second guess the magistrate's judgment, and on balance, it seems to me that the affidavit is not invalid on the question of "double-hearsay."

Accordingly, the motion to suppress will be denied.