## CIRCUIT COURT OF CHESTERFIELD COUNTY

Commonwealth of Virginia

v.

Armando J. Marsalisi

November 30, 1989

By JUDGE WILLIAM R. SHELTON

The question presented in this case is whether the warrantless search of people's garbage, put outside their homes for collection, violates any interest protected by the Fourth Amendment.

Defendant was charged with one count of possession of cocaine with the intent to distribute and with being in possession of a firearm while also in possession of narcotics. Prior to arresting defendant, a search warrant for his home was obtained. The affidavit from which the warrant issued was based on an informant's representation, eyewitness information turned into Crime Solvers, and on items found in the defendant's trash cans. It is the searching of defendant's trash without a warrant that we are concerned with. On two separate occasions, vice officers had gone onto the defendant's property without a warrant and removed the trash defendant had placed in his outside trash cans for garbage collection. The defendant's trash cans were located near the back door of his home. The officers on both occasions found that defendant's trash contained numerous plastic baggies with the corners

cut out. This information, which indicates drug packaging, was contained in the affidavit from which the search warrant was issued.

The Supreme Court has interpreted the Fourth Amendment to protect any area in which the individual has a reasonable expectation of privacy. *Katz v. U. S.*, 389 U.S. 347, 88 S. Ct. 507 (1967). To determine in this case whether the defendant's Fourth Amendment rights have been violated, there are two distinct expectations to be considered, defendant's expectation as to his garbage and his expectation as regards his property. *U. S. v. Kramer*, 711 F.2d 789 (7th Cir. 1983).

As regards the defendant's garbage, this Court finds that the special protection the Fourth Amendment accords people in their "persons, houses, papers, and effects" does not extend to their discarded garbage. *California v. Greenwood*, 486 U.S. 35 (1988); *U. S. v. Kramer*, 711 F.2d 789 (7th Cir. 1983); *U. S. v. Crowell*, 586 F.2d 1020 (4th Cir. 1978). The Court of Appeals of Virginia in *Commonwealth v. Holloway* stated that when one voluntarily abandons property, he forfeits any expectation of privacy he may have in it. *Commonwealth v. Holloway*, 9 Va. App. 11, 18 (1989). The Court in *Holloway* held that an individual must have an intent to relinquish his expectation of privacy by the act of abandonment. *Holloway*, 9 Va. App. 11, 18. The individual's intent as regards the alleged abandonment is to be inferred from his words, acts, and other objective facts. *Holloway*, 9 Va. App. 11, 18.

Respondent voluntarily placed refuse in the trash can outside his home for the express purpose of discarding it and to convey it to a third person, the trash collector. The defendant, by putting his trash out for collection and thereby turning it over to the public, has taken actions which evidence an intent to abandon it and to relinquish any expectation of privacy therein. At that point, children, animals, the trash collector, and others through him (the police or a junk dealer) could have sorted through the defendant's trash. This act of abandonment renounces any reasonable expectation of privacy. In support of this, the Court in *California v. Greenwood* stated that society would not accept as reasonable respondent's claim to an expectation of privacy in trash left out for collection. *Greenwood*, 108 S. Ct. 1625 (1988). And in *U. S. v. Kramer*,

the Court indicated that there are actions a person can take to keep the contents of their garbage secret, such as destroying it before they discard it or simply not discarding it, but that once it is discarded, they have no expectation of privacy in it. *U. S. v. Kramer*, 711 F.2d 789 (7th Cir. 1983).

Our next area of inquiry is whether the defendant had an expectation of privacy in the land on which he claims the police trespassed. It is well recognized by case law in Virginia that a person has a reasonable expectation of privacy in the curtilage or area surrounding the home and that a physical trespass upon this land can be a violation of the Fourth Amendment. *Wellford v. Commonwealth*, 227 Va. 297 at 302, 315 S.E.2d 235 at 238 (1984) (citing *Oliver v. U. S.*, 466 U.S. 170, 104 S. Ct. 1735, 1742 (1984)). To determine in any particular case whether the defendant's curtilage has been trespassed upon, the courts must look at the proximity of the area to the home, the uses to which the area is put, any use of enclosures to protect the area, and the steps taken by the individual to protect the area from observation. *U. S. v. Dunn*, 481 U.S. 1024 (1987). In *Oliver v. U. S.*, the Court reaffirming *Hester v. U. S.* recognized that the Fourth Amendment protects the curtilage of a house and that the extent of the curtilage is determined by facts that bear upon whether an individual reasonably may expect that the area in question should be treated as the home itself. *Oliver*, 466 U.S. at 180, 104 S. Ct. at 1742. The Court identified the central component of this inquiry to be whether the area in issue harbors the "intimate activity associated with the 'sanctity of a man's home' and the privacies of life." *Id.* (quoting *Boyd v. U. S.*, 116 U.S. 616, 630, 6 S. Ct. 524, 532 (1886).

The Court in the case of *U. S. v. Kramer* focused on the same issue which confronts this Court. *U. S. v. Kramer*, 711 F.2d 789 (7th Cir. 1983). In *Kramer*, the police removed Kramer's garbage from just inside a knee-high chain link fence that ran along the street curb some thirty feet from the front of defendant's house. To accomplish this, it was necessary for police to trespass a few feet upon the outer edge of his front yard. *Kramer*, 711 F.2d 789 at 794 (7th Cir. 1983). The Court, recognizing the existence of an expectation of privacy in the land around

defendant's home, stated that when land is trespassed upon to the extent that the defendant's enjoyment and privacy in his home may be disrupted, then the defendant's Fourth Amendment right has been violated. *Id*. The Court held that the police officer's trespass of a foot or so into defendant's land did not bring them close enough to the home to interfere with any of the defendant's protected interest therein; thus the police officer's trespass had not violated the defendant's Fourth Amendment rights because it was so minimal that it did not interfere with the defendant's use or enjoyment of his home. *Id*.

In the case at hand, defendant's trash cans were located just outside his back door. To obtain the trash, the police officers had to enter onto defendant's property and approach the home. Unlike the facts in *Kramer*, this was not a minimal or slight intrusion of a few feet. *Kramer*, 711 F.2d 789 (7th Cir. 1983). Rather, it brought the police close enough to the defendant's home that they could have observed or eavesdropped on the defendant. The area surrounding the home must be protected from such physical trespass because it interferes with the sanctity of defendant's home. People have a reasonable expectation of privacy in their home and the land surrounding it. *Oliver*, 466 U.S. 170, 104 S. Ct. 1735 (1984). The Court finds that because the trespass brought the police officers onto defendant's land and in close proximity to the home, the defendant's privacy interest was violated. Therefore, the evidence obtained from the police officer's trespass onto the defendant's land violated the defendant's Fourth Amendment rights and must be stricken from the affidavit which was used to obtain the search warrant.

We must now consider what effect striking the evidence obtained from the defendant's garbage will have on the search warrant. In *U. S. v. Smith*, the court established that when an affidavit in support of a search warrant contains information which is in part unlawfully obtained, the validity of a warrant and search depends on whether the *untainted information*, considered by itself, establishes an adequate basis for a finding of probable cause upon which the warrant could issue. *U. S. v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986). Probable cause exists where there is evidence that would lead a reasonable person to believe that the items to which a search warrant is

directed are located in the area described. *Drumheller v. Commonwealth*, 223 Va. 695, 292 S.E.2d 602, *cert. denied*, 459 U.S. 913, 103 S. Ct. 224 (1982).

The information remaining in the affidavit sets out the following: that between February 20, 1989, and April 17, 1989, the vice unit received four separate Crime Solvers' complaints that drugs were being sold from the defendant's residence; that in response to this, several surveillances revealed an overabundance of visitors to the residence who stayed for only short periods of time; and that an informant advised the affiant that within the past four weeks he had purchased cocaine from the defendant. The question is whether the totality of the circumstances as set out by the above information, including the validity and basis of knowledge of persons supplying hearsay information, establishes that there is a reasonable probability the evidence will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983).

Applying this test to the information remaining in the affidavit, we will first consider the hearsay statements. Under the bystander or victim exception, reliability of the average citizen bystander or eye-witness need not be established in the officer's affidavit; it is presumed the person is credible, unless there is evidence otherwise. Thus, the citizen's tips to Crime Solvers are presumed to be reliable under the bystander or eyewitness exception. *Drumheller v. Commonwealth*, 223 Va. 695, 292 S.E.2d 602.

Looking now at the statements of the informant who claims to have purchased narcotics from the defendant, it is a well-settled requirement that where information is provided by an unidentified informant, the affidavit must not only set out the informant's information, but it must also go to the credibility of the informant and the reliability of the informant. The courts have recognized an informant is reliable if he has previously furnished reliable information to law enforcement officials or if the informant's declaration has been corroborated by undisputed investigation of law enforcement officials. *Brown v. Commonwealth*, 212 Va. 672, 187 S.E.2d 160 (1972). *Manley v. Commonwealth*, 211 Va. 146, 176 S.E.2d 309 (1970), *cert. denied*, 403 U.S. 936. The affidavit presented to the court in this case sets out that the informant is

reliable because he previously aided police investigations in making an arrest of an LSD distributor. Also, the affidavit indicates that the informant's statements were corroborated by the vice officer's observations of unusually heavy traffic into the home for short periods. Thus, the affidavit does establish the reliability of the information and credibility of the informant.

This court finds that upon looking at all the circumstances set forth in the affidavit, including the reliability and credibility of the informant, that there is still sufficient probable cause for a warrant to be issued even with the unlawfully obtained evidence stricken from the affidavit. The search warrant issued upon the affidavit remains valid, and the defendant's motion to suppress is denied.