# CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Bridgett Pruzensky

October 24, 1990

Case No. (Criminal) 6976

By JUDGE THOMAS D. HORNE

This case came before the Court on a Motion to Suppress certain evidence seized from a makeup bag found within defendant's purse. The purse was seized by the officer conducting the search of defendant's vehicle from between the front bucket seats of the car.

The defendant was found sleeping by Deputy Becera in a public area. His attention was drawn to the defendant by a citizen who had expressed concern to the deputy concerning the defendant's unconscious condition. Upon his arrival, the deputy noted that the defendant was asleep. It was a warn and sunny day. The officer observed an odor of alcohol on the defendant's breath and made inquiry concerning her age. Upon hearing that she was under twenty-one and his noting a smell of alcohol on her breath, the officer requested permission to search defendant's car. Defendant conceded that she had been drinking earlier in the day and that she gave the officer permission to search her car. The Court finds that the Commonwealth has failed to show that defendant specifically consented to the search of her purse or of the makeup bag contained within the purse. Furthermore, contrary to the deputy's initial testimony on direct examination, the Court finds that the defendant was in the deputy's parked car at the time the purse was seized.

Under the facts of this case, the Court finds the Commonwealth has failed to prove that the defendant voluntarily consented to the search of her purse. Although the deputy might have reasonably considered the purse a possible place of concealment for alcoholic beverages, and thus within the scope of the original consent given; under the facts of this case, it is equally palpable that the small makeup bag did not contain alcohol (a "miniature" as contended by the Commonwealth) when he picked it up based upon its size, shape, and weight. *See, Holloman v. Commonwealth*, 221 Va. 947 (1981).

Mr. Johnson may draw an Order granting the Motion to Suppress insofar as it relates to the contends of the makeup bag, to which Mr. Forsyth may note his exception.