## CIRCUIT COURT OF PAGE COUNTY

Commonwealth of Virginia

    v.

Jackie Allen Alger

January 18, 2005

Case No. CR-04F00234

BY JUDGE JOHN J. MCGRATH, JR.

This matter is before the Court on defendant's Motion to Suppress evidence seized pursuant to a search warrant. The defendant is charged with possession of one or more firearms after he had been convicted of one or more felonies.

The relevant facts of the case are as follows. On April 21, 2004, the Page County Sheriff's Office responded to an emergency call and found Sandra Faye Jenkins dead at her residence. Her husband informed the officers that the previous day, he purchased fifty methadone pills for twenty dollars each from Jackie Alger at his home in Pine Grove. Jenkins gave the officers the defendant's address and described the property.

The same day, an investigator completed an Affidavit for Search Warrant. The affidavit stated that the husband told investigators the above information, however, it did not include any allegation that Jenkins purchased the methadone *at Alger's house* or that there was reason to believe that drugs or drug paraphernalia would still be at the house. The officer applying for the search warrant testified that she told the Magistrate, under oath, that Jenkins said he purchased the methadone at Alger's house, but this information was not recorded in writing in the affidavit.

Also on April 21, the Magistrate issued a search warrant of Alger's home, and police executed it that same day. During the search, among other things, officers found a Mossberg 12 gauge shotgun, shotgun shells, and other ammunition. These items were seized and Alger was subsequently charged under Virginia's felon in possession statute. He has moved this court to suppress the firearm and ammunition on the grounds that the affidavit underlying the warrant to search his home was facially inadequate for not alleging that any contraband would be found there.

This case presents two issues relating to whether the affidavit supplied sufficient probable cause for issuing the search warrant. The first is whether any defects in the affidavit were cured by the attesting officer's oral, sworn statements to the Magistrate. The second is whether, even with the inclusion of the oral allegations, the affidavit alleged a sufficient nexus between the items to be seized and the place to be searched.

"The task of the issuing Magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Reviewing courts should pay the Magistrate's determination of probable cause to issue a search warrant great deference. *Williams v. Commonwealth*, 4 Va. App. 53, 354 S.E. 2d 79 (1987). When a court reviews the decision of a Magistrate in issuing a search warrant, its role is to ensure that the issuing Magistrate had a substantial basis for concluding that probable cause existed. *Gates*, 462 U.S. at 238.

"The Fourth Amendment requires that the Magistrate receive sufficient information, under oath or affirmation, to support a finding of probable cause." *McCary v. Commonwealth*, 228 Va. 219, 321 S.E.2d 637 (1984) (citing *Gates*, 462 U.S. at 236). However, there is no requirement under the Fourth Amendment that the sworn statement on which the Magistrate relies be written. *McCary*, 228 Va. 219 at 231, 321 S.E.2d at 643. "Thus, an insufficient affidavit may be supplemented or rehabilitated by information disclosed to the issuing Magistrate upon application for the search warrant." *McCary*, 228 Va. at 231, 321 S.E.2d at 644 (citations omitted). In the instant case, the officer supplied information that should be taken together with the written affidavit in determining whether there was probable cause for issuing the warrant.

Once the affidavit is supplemented with the officer's statement to the Magistrate that Jenkins purchased the drugs at Alger's house the previous evening, we must determine if this information, taken together, provides a sufficient nexus between the drugs and the house to justify a finding of

probable cause. The defendant relies on *Janis v. Commonwealth*, 22 Va. App. 646, 472 S.E.2d 649 (1996), for his contention that there was not a sufficient nexus between the drugs and his house. In *Janis*, police had observed the defendants harvesting marijuana plants in a field. By tracing the tags on defendants' truck, police learned their address and subsequently searched their home pursuant to a warrant. There they found marijuana plants, which evidence the defendants sought to suppress at trial. Their motion was overruled, and on appeal, the Court of Appeals of Virginia held that the Magistrate lacked a substantial basis for finding that probable cause existed to search the home for drugs. The court explained that the nexus requirement was not met because the affidavit failed to explain why contraband would probably be found at the residence.

It is fair to conclude that the affidavit in the instant case, similar to that at issue in *Janis*, does not state, in writing, why methadone would likely be found at Alger's house. It appears, however, that there is a greater nexus between drugs and the home of a defendant, where the informant has alleged that he purchased drugs there the previous day, than there is between the home of an individual seen harvesting marijuana in a field and the harvested marijuana. In *Janis*, there was no information tying the drugs to the house, whereas in the case at hand, the testimony of the informant placed the purchase transaction at the defendant's house. In this case, it is obvious why the Magistrate would have a substantial basis for concluding that there was a fair probability that drugs would be found in Alger's home: because Jenkins purchased them there the previous day.

It is also relevant to note that the facts in this case are unusual for two reasons. First, the informant in this case was alleging that he purchased drugs from the defendant at his house. The police had strong reasons to believe the informant's story that the drugs were ingested by his wife and caused her death, given that their contact with the informant was caused by the wife's death. The second important consideration in this case is timing. The nexus requirement encompasses not only a reason for thinking the drugs will be in the house, but a close proximity in time between gaining the knowledge on which this suspicion is based and executing the affidavit. In this case, the time between the drug purchase at the defendant's house and the execution of the warrant itself was one day. Given the informant's assertion that he purchased drugs at the defendant's house the very day before the police were called to the scene of his wife's death, the Magistrate had a substantial basis for believing that drugs or their incidents would still be at the house.

Further, it is well established that "the nexus between the place to be searched and the items to be seized may be established by the nature of the

item and the normal inferences of where one would likely keep such evidence." *United States v. Anderson*, 851 F.2d 727 (4th Cir. 1988). In that case, the Court of Appeals found that it was reasonable for a Magistrate to believe that a defendant's gun would be found in his home. Even though the affidavit did not contain any allegations that the weapons subject to the search were located in the defendant's home, this alone did not render the warrant defective. This holding has since been extended to drugs. *See, e.g., United States v. Williams*, 974 F.2d 480 (1992) (affidavit alleging that defendant was a known drug dealer and resided in a hotel room sufficient to authorize search of the room for drugs); *Gwinn v. Commonwealth*, 16 Va. App. 972, 434 S.E.2d 901 (1993) (Magistrate reasonably could infer the probability that drugs or other evidence of suspected drug-related activity would be found in defendant's residence); *cf. Ricks v. Commonwealth*, 2005 Va. App. LEXIS 19 (2005) (unpublished). Therefore, in the case at hand, there was a sufficient nexus between the items subject to the search and the defendant's house under the circumstances of this case; specifically, where a credible informant alleged that he purchased the drugs there the very previous day.

## Order

For the reasons more particularly set forth above, the defendant's Motion to Suppress is hereby overruled. Counsel may file objections to this Order within ten days. The clerk is directed to send attested copies of this opinion and order to Samuel P. Higginbotham, II, Esquire, Counsel for Defendant; and John T. Hennessy, Esquire, Commonwealth's Attorney for Page County.