# CIRCUIT COURT OF HANOVER COUNTY

Commonwealth of Virginia

v.

William Jackson Hall, Jr.

December 20, 2010

Case No. CR10000849

By Judge J. Overton Harris

This matter is before the Court on Defendant's Motion to Suppress evidence seized pursuant to an allegedly invalid warrant. The Court heard argument on December 6, 2010, and took the matter under advisement. After careful consideration, the Court finds as follows.

## I. *Background*

In June of 2009, a Task Force Officer ("the officer") began an investigation into the Defendant's alleged participation in the manufacturing and selling of marijuana in Hanover County. On May 6, 2010, the officer applied for a search warrant to search the Defendant's home for "evidence of a crime; contraband, fruits of crime, or other items illegally possessed; [and] property designed for use, intended for use, or used in committing a crime." The officer submitted an affidavit in support of his request for the search warrant. On the same day, a magistrate issued a search warrant for the search of the Defendant's home. Attached to the warrant is a list of items to be seized. The magistrate issuing the warrant crossed off the list of items to be seized "[c]ontrolled substances, including but not limited to, suspected marijuana."

On May 10, 2010, the officer and other law enforcement personnel executed the search warrant at the Defendant's home in Hanover County. During the search, incriminating evidence was discovered. Additionally, the

Defendant made incriminating statements when questioned by the officer regarding the items found during the search. Subsequently, the Defendant was charged with a violation of Virginia Code § 18.2-248.1.

The Defendant believes that the Commonwealth intends to introduce into evidence during its case-in-chief the incriminating evidence and statements recovered by the Commonwealth as a result of the search. Defendant seeks to suppress all evidence at trial, both tangible and testimonial, resulting from the search on the grounds that the search was conducted in violation of his rights under the Fourth Amendment of the United States Constitution and Article I, Section 10, of the Virginia Constitution. Specifically, the Defendant asks the Court to conclude that the magistrate who issued the search warrant did not have probable cause to believe evidence of illegal activity would be found at the Defendant's residence. The Defendant further requests that the Court find that admission of the evidence in question is not permitted under the good faith exception to the exclusionary rule.

## II. *Analysis*

"The Fourth Amendment . . . protects 'the right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures'." *Byrd v. Commonwealth*, 55 Va. App. 742, 752, 689 S.E.2d 769, 773-74 (2010) (citing *Johnson v. Commonwealth*, 26 Va. App. 674, 682, 496 S.E.2d 143, 147 (1998)). "Searches and seizures may be conducted in compliance with the Fourth Amendment if they are reasonable." *Brown v. Commonwealth*, 270 Va. 414, 418, 620 S.E.2d 760, 762 (2005) (citing *Elkins v. United States*, 364 U.S. 206, 222 (1960)). "Searches and seizures conducted pursuant to a particularized warrant based on probable cause as adjudged by a magistrate are reasonable." *Id.* (citing *Massachusetts v. Sheppard*, 468 U.S. 981, 987-91 (1984); *McDonald v. United States*, 335 U.S. 451, 455-56 (1948)).

The Fourth Amendment requires that a Magistrate receive sufficient information, under oath or affirmation, to support a finding of probable cause before issuing a warrant. *Commonwealth v. Alger*, 66 Va. Cir. 332, 333 (2005) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "The function of probable cause is to guarantee a substantial probability that the invasion involved in the search will be justified by discovery of offending items." *Boyd v. Commonwealth*, 12 Va. App. 179, 185, 402 S.E.2d 914, 918 (1991). "The existence of probable cause is determined by examining the 'totality of the circumstances'." *Id.* (quoting *Gates*, 462 U.S. at 238). "Where the affidavit fails to uphold a determination of probable cause, then such failure renders the warrant void and the search illegal. Any evidence secured through an illegal search becomes inadmissible at trial." *Drumheller v. Commonwealth*, 223 Va. 695, 698-99, 292 S.E.2d 602, 604 (1982) (citing

*Wong Sun v. United States*, 371 U.S. 471 (1963); *Mapp v. Ohio*, 367 U.S. 643 (1961); *Wiles v. Commonwealth*, 209 Va. 282, 163 S.E.2d 595 (1968)).

The task of the issuing Magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Lanier v. Commonwealth*, 10 Va. App. 541, 547, 394 S.E.2d 495, 499 (1990) (quoting *Gates*, 462 U.S. at 238). Reviewing courts should give great deference to the Magistrate's determination of probable cause to issue a search warrant. *Williams v. Commonwealth*, 4 Va. App. 53, 68, 354 S.E.2d 79, 88 (1987). The role of the reviewing court is to ensure that the issuing Magistrate had a substantial basis for concluding that probable cause existed. *Alger*, 66 Va. Cir. at 333 (citing *Gates*, 462 U.S. at 238).

In the present case, the Magistrate issued a warrant based on information contained in an affidavit submitted by the investigating officer. The affidavit states that during the course of the investigation, law enforcement officers spoke with a confidential source ("CS"). The CS provided "reliable and accurate" information during investigations conducted over the past few years. Further, the information provided by the CS for this investigation and others was verified through surveillance and independent police investigations.

The CS provided law enforcement with information about a store located in Richmond, Virginia. According to the CS, most of the people that frequent the store are there to purchase equipment and other items needed to grow marijuana, and the store is considered by its patrons as a place to go to obtain information on how to grow marijuana. Over the course of the investigation, the CS informed law enforcement of the dates that the Defendant was seen purchasing items from the store. The CS also informed law enforcement about the items purchased by the Defendant. The affidavit states that throughout the course of the investigation, the Defendant made nineteen trips to the store and purchased more than $2,000 in equipment and chemicals. An officer who has testified as an expert in indoor cultivation of marijuana stated that all of the items purchased by the Defendant from the store are commonly used in the indoor cultivation of marijuana.

Additionally, the affidavit states that the officer issued a subpoena to Dominion Virginia Power for records reflecting the power usage at the Defendant's known address. Based on the Dominion Virginia Power records for July 2009 to April 2010, the Defendant used an average of 3,312 kilowatt hours per month. The same expert stated that a residence the size of the Defendants would typically use between 1300 and 2200 kilowatt hours per month. The affidavit also states that the Defendant has had no reported income throughout the duration of the investigation other than unemployment benefits.

Based on the facts contained in the affidavit and reasonable inferences which could be drawn therefrom, the Court finds that the issuing Magistrate had a substantial basis for concluding that probable cause existed.

The Defendant's Motion to Suppress is denied.