**Richmond**

PAUL LEE GWINN

v.

COMMONWEALTH OF VIRGINIA

No. 0261-92-2

Decided August 31, 1993

COUNSEL

David P. Baugh, for appellant.

Robert B. Condon, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—The issue in this criminal appeal is whether the magistrate who issued a search warrant had probable cause to believe that Paul Lee Gwinn was involved in drug trafficking and that evidence associated with that crime would probably be found at his residence. We find the evidence sufficient to establish probable cause; therefore, we uphold the trial judge's ruling to admit the seized evidence. Accordingly, we affirm Gwinn's convictions of possessing cocaine and possessing a firearm while possessing cocaine.

On May 15, 1991, Richmond police officers executed a search warrant for Gwinn's residence. The officers were searching for evidence of drug trafficking. The warrant was based upon an affidavit of George Wade, a police officer who received information from an undercover officer who had made several drug purchases from a man by the name of John Montague.

In the affidavit, Wade describes seven cocaine transactions between the undercover officer and Montague. Prior to each transaction, Montague met the undercover police officer at a "7-11" store in order to discuss the sale. Police surveillance revealed that following each discussion with the undercover officer, Montague went to the Highland Park Variety Store at 3008 First Avenue, which is owned and operated by Paul Gwinn. After visiting the variety store for a few minutes, Montague would return to the undercover officer with cocaine. After each sale was completed, Montague went back to Gwinn's store.

On several occasions, the police observed one of Gwinn's automobiles arrive at the variety store, having come from Gwinn's home shortly before a drug sale took place between Montague and the undercover officer. The police observed that Gwinn was present at the variety store when several of the sales took place. On one occasion, Gwinn and Montague left the variety store at the same time, each driving his own automobile, and then met at another location.

Wade also stated in his affidavit that on March 8, 1991, Detective Redford had interviewed an arrested person who was charged with possessing cocaine. The person had told Redford that Gwinn was selling cocaine from his Highland Park Variety Store.

The magistrate, based upon the affidavit, determined that probable cause·existed to believe that Gwinn was involved in selling drugs and that evidence of that activity would probably be found in Gwinn's residence and in his place of business. Thus, the magistrate issued a search warrant for both Gwinn's residence and his variety store. Gwinn challenges only the search warrant for his residence.

█ The Fourth Amendment requires that a warrant to search shall issue only upon probable cause supported by oath or affirmation. "The function of probable cause is to guarantee a substantial probability that the invasion involved in the search will be justified by discovery of offending items." *Boyd v. Commonwealth*, 12 Va. App. 179, 185, 402 S.E.2d 914, 918 (1991) (citing 1 Wayne R. LaFave, *Search and Seizure* § 3.1(b) (2d ed. 1987)). The existence of probable cause is determined by examining the "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

> "[T]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and

'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."

*Lanier v. Commonwealth*, 10 Va. App. 541, 547, 394 S.E.2d 495, 499 (1990) (quoting *Gates*, 462 U.S. at 238).

"Probable cause is a flexible, common sense standard." *Ruffin v. Commonwealth*, 13 Va. App. 206, 209, 409 S.E.2d 177, 179 (1991). The magistrate need not determine that the evidence sought is, in fact, on the premises to be searched or that the evidence is more likely than not to be found where the search is to take place. *Id.* The magistrate need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit. *Id.* The magistrate must, however, base his or her conclusion of probable cause upon objective facts and reasonable inferences drawn therefrom. *Derr v. Commonwealth*, 6 Va. App. 215, 220, 368 S.E.2d 916, 918 (1988) (citing *United States v. Ross*, 456 U.S. 798, 808 (1982)); *Williams v. Commonwealth*, 4 Va. App. 53, 68, 354 S.E.2d 79, 87 (1987).

Upon review, a search warrant will be upheld if the evidence, viewed as a whole, provided the magistrate a "substantial basis" for concluding that probable cause existed to issue the warrant. *Boyd*, 12 Va. App. at 185-86, 402 S.E.2d at 918 (citing *Gates*, 462 U.S. at 239)). The affidavit of George Wade contained sufficient objective facts from which the magistrate reasonably could infer a "fair probability" that Gwinn was providing John Montague with drugs, and that evidence of the drug trafficking would be found in Gwinn's residence. John Montague routinely went to Gwinn's variety store before and after selling cocaine to the undercover police officer. On several occasions, Gwinn's automobile arrived at his variety store shortly before a drug sale between Montague and the undercover officer took place. Gwinn was seen at his variety store before and after some drug sales and, at least on one occasion, Gwinn and Montague were seen leaving the variety store in separate vehicles at the same time and meeting again at another location. This activity between Gwinn and Montague, which occurred before most of the drug sales, reasonably supported the inference that Gwinn was supplying Montague with the drugs he was selling.

A magistrate is entitled to draw reasonable inferences about where incriminating evidence is likely to be found, based on the nature of the evidence and the type of offense. *See United States v.*

*Fannin*, 817 F.2d 1379, 1382 (9th Cir. 1987). In the case of drug dealers, evidence of that ongoing criminal activity is likely to be found where the dealer resides. *See United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986). Thus, the magistrate reasonably could infer the probability that drugs, or drug paraphernalia, or records, or other evidence of Gwinn's suspected drug-related activity would be found in his residence. *Id.*

 Although the affidavit contained a conclusory statement by an unidentified informant, whose veracity and basis of knowledge were not established, that Gwinn was selling drugs from his variety store, that fact is not fatal to the magistrate's determination that probable cause existed to search Gwinn's residence. A magistrate cannot reasonably rely upon a hearsay statement from an unidentified witness or informant whose veracity or basis of knowledge has not been established or verified by other facts, such as by providing details establishing a history of the informant's reliability, his lack of motivation to falsify, or independent corroboration of his statement. *Corey v. Commonwealth*, 8 Va. App. 281, 287-88, 381 S.E.2d 19, 22 (1989). Nevertheless, when other evidence exists in the affidavit, which independently establishes probable cause without having to consider the unfounded statement, the magistrate's decision to issue a search warrant will not be disturbed because the supporting affidavit contained some evidence which, standing alone, would be insufficient to establish probable cause. *Neustadter v. Commonwealth*, 12 Va. App. 273, 278, 403 S.E.2d 391, 394 (citing *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978)), *aff'd en banc*, 13 Va. App. 283, 411 S.E.2d 228 (1991).

We hold, therefore, that the magistrate had a substantial basis upon which to conclude that probable cause existed to search Gwinn's residence for evidence of drug-related activity.

*Affirmed.*

Willis, J., and Elder, J., concurred.