COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Clements and Agee
Argued at Richmond, Virginia


GEORGE ANTONIO BRANDON

MEMORANDUM OPINION[*] BY
v.    Record No. 1700-01-2          JUDGE G. STEVEN AGEE
SEPTEMBER 17, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Learned D. Barry, Judge

Elliott B. Bender for appellant.

Marla Graff Decker, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


George Antonio Brandon (Brandon) was convicted in the City

of Richmond Circuit Court of possession of cocaine with intent

to distribute, in violation of Code § 18.2-248, possession of

cocaine with intent to distribute near school property, in

violation of Code § 18.2-255.2, and possession of marijuana, in

violation of Code § 18.2-250.1. He was sentenced to a prison

term of five years, the time to be suspended upon the completion

of a "boot camp" program. Brandon now appeals his convictions

---

[*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

contending the trial court erred by denying his motion to suppress.[1]

ANALYSIS

On appeal of a ruling on a motion to suppress, we view the evidence in the light most favorable to the prevailing party below, here the Commonwealth, granting to it all reasonable inferences deducible therefrom. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). However, we review de novo the trial court's application of defined legal standards to the particular facts of the case. See Ornelas, 517 U.S. at 699.

Relying principally upon Franks v. Delaware, 438 U.S. 154 (1978), Brandon contends that the search warrant was issued upon information in the affidavit that Officer Flornoy knew was false or which he included with a reckless disregard of the truth.

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

Accordingly, Brandon avers the trial court erred in refusing to suppress evidence gathered pursuant to the warrant.  We disagree.

In Franks, the United States Supreme Court held as follows:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.  In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

438 U.S. at 155-56.  See also West v. Commonwealth, 16 Va. App. 679, 689, 432 S.E.2d 730, 736-37 (1993); Neustadter v. Commonwealth, 12 Va. App. 273, 274, 403 S.E.2d 391, 392, aff'd en banc, 13 Va. App. 283, 411 S.E.2d 228 (1991).

The trial court granted Brandon a Franks hearing on his motion but made no finding of a substantial preliminary showing that the warrant contained false information.  Assuming, without deciding, the trial court properly granted a Franks hearing, we hold that the trial court did not err in denying the motion to suppress because Brandon failed to establish by a preponderance

- 3 -

of the evidence his "allegation of perjury or reckless disregard."

Brandon failed to present any evidence, direct or otherwise, that Officer Flornoy was knowingly or recklessly untruthful in the search warrant affidavit when he stated Officer Misiano observed Brandon reaching into a plastic bag and removing a "small white object."  While Brandon presented the preliminary hearing testimony of Officer Misiano in which the officer described the transactions he observed as involving a "small object" rather than a "small white object," a reading of the entire preliminary hearing transcript shows that the officer was never asked about the color of the "small object."  Officer Flornoy's affidavit statement differed from Officer Misiano's testimony only in minute detail and does not represent any conflicting facts.  The difference between the two versions is neither significant nor material.  Brandon failed to establish by a preponderance of the evidence that Officer Flornoy intentionally or recklessly misrepresented the truth in his affidavit when he described a "small white object."  See Lanier v. Commonwealth, 10 Va. App. 541, 549, 394 S.E.2d 495, 500 (1990).[2]

_____

[2] Brandon elected to proceed in the Franks hearing solely on Officer Flornoy's affidavit and the transcript of Officer Misiano's preliminary hearing testimony.  Having chosen not to call the officers to testify, or present any other evidence, the record is limited to these items for purposes of this appeal.

Similarly, Brandon's contention that Officer Flornoy lied or misrepresented a transaction involving a gray van is an unsupported allegation. Brandon claims that Officer Misiano's preliminary hearing testimony refutes the warrant affidavit statement. This testimony, however, does not prove the information stated in Officer Flornoy's warrant affidavit to be false or reckless. While Officer Misiano testified that he did not see Brandon approach any cars, the officer did testify that he observed individuals approach Brandon in the street. Further, the officer was questioned only about "cars" and not about any other motor vehicles such as trucks or vans. Again, Brandon failed to establish a material false or reckless statement by a preponderance of the evidence.

Even if we assume the statement regarding a transaction involving a "gray van" was unfounded, the trial court did not err by denying the motion to suppress. Officer Misiano's observation of Brandon exchanging small objects for cash on the street in an active open air drug market provided the magistrate with sufficient probable cause to issue the warrant. See Gwinn v. Commonwealth, 16 Va. App. 972, 976, 434 S.E.2d 901, 904 (1993) ("[W]hen other evidence exists in the affidavit, which independently establishes probable cause without having to consider the unfounded statement, the magistrate's decision to issue a search warrant will not be disturbed because the supporting affidavit contained some evidence which, standing

- 5 -

alone, would be insufficient to establish probable cause.");

Neustadter, 12 Va. App. at 278, 403 S.E.2d at 394 (citing Franks, 438 U.S. at 171-72).

The trial court did not err by denying Brandon's motion to suppress. Accordingly, we affirm Brandon's convictions.

Affirmed.