COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Senior Judge Overton
Argued at Chesapeake, Virginia


FLOYD RICKS

                                              MEMORANDUM OPINION[*] BY
v.       Record No. 2534-03-1              JUDGE LARRY G. ELDER
                                                  JANUARY 11, 2005

COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                        Joseph A. Leafe, Judge

          William P. Robinson, Jr. (Robinson, Neeley & Anderson, on brief),
          for appellant.

          Margaret W. Reed, Assistant Attorney General (Jerry W. Kilgore,
          Attorney General, on brief), for appellee.


      Floyd Ricks (appellant) appeals from his bench trial convictions for possessing a firearm

after having been convicted of a felony, receiving stolen property, possessing marijuana, selling

alcohol without a license, and maintaining a common nuisance.  On appeal, he contends the

search that yielded the items on which his convictions were based was unreasonable because the

affidavit supporting the search warrant contained "no facts . . . upon which one might reasonably

conclude that evidence sought would be found" in the place searched.  He also argues that the

good faith exception to the Fourth Amendment does not apply because the affidavit supporting

the warrant is so lacking in probable cause as to render official belief in its existence

unreasonable.  Finally, he contends the evidence was insufficient to prove he constructively

possessed the firearm found during the search.  We hold the affidavit contained sufficient

allegations to constitute probable cause for issuance of the challenged search warrant and that the

      [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence was sufficient to prove appellant exercised constructive possession of the firearm. Thus, we affirm the challenged convictions.

I.

A.

PROBABLE CAUSE FOR ISSUANCE OF SEARCH WARRANT

On appeal of the denial of a motion to suppress, we view the evidence in the light most favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him[,] . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983) (citation omitted); see Garza v. Commonwealth, 228 Va. 559, 563, 323 S.E.2d 127, 129 (1984). The affidavit must, at a minimum, "explain the significance or relevance of searching [the] particular location." United States v. Hove, 848 F.2d 137, 139 (9th Cir. 1988), cited with approval in Janis v. Commonwealth, 22 Va. App. 646, 652, 472 S.E.2d 649, 652-53 (1996).

"The initial determination of probable cause requires the magistrate to weigh the evidence presented in light of the totality of the circumstances." Tart v. Commonwealth, 17 Va. App. 384, 387, 437 S.E.2d 219, 221 (1993); see Miles v. Commonwealth, 13 Va. App. 64, 68, 408 S.E.2d 602, 604 (1991), aff'd on reh'g en banc, 14 Va. App. 82, 414 S.E.2d 619 (1992). "When reviewing a decision to issue a warrant, a reviewing court must grant 'great deference' to the magistrate's interpretation of the predicate facts supporting the issuance of a search warrant and to the determination of whether probable cause supported the warrant." Janis, 22 Va. App. at 652, 472 S.E.2d at 652 (citing Gates, 462 U.S. at 236, 103 S. Ct. at 2331); see also Ornelas v.

United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996) (stating that "the scrutiny applied to a magistrate's probable-cause determination to issue a warrant is less than that for warrantless searches," to which an appellate court applies a *de novo* standard of review). "'A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant.'" Williams v. Commonwealth, 4 Va. App. 53, 68, 354 S.E.2d 79, 87 (1987) (quoting Massachusetts v. Upton, 466 U.S. 727, 733, 104 S. Ct. 2085, 2088, 80 L. Ed. 2d 721 (1984)). "Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." United States v. Ventresca, 380 U.S. 102, 109, 85 S. Ct. 741, 746, 13 L. Ed. 2d 684 (1965) (citation omitted).

We applied these principles in Janis, upon which appellant relies in this appeal. In Janis, we held the challenged affidavit contained an insufficient nexus between marijuana being cultivated in Dinwiddie County and the Hopewell location for which the search warrant was issued. 22 Va. App. at 653-55, 472 S.E.2d at 653-54. The affidavit in Janis indicated that Janis was seen on property in Dinwiddie on which marijuana was being cultivated, but it gave no indication as to how Janis was linked to the place to be searched in Hopewell. Id. at 652-53, 472 S.E.2d at 653; see id. at 653, 472 S.E.2d at 653 (emphasizing in context of good faith analysis that affidavit "gave absolutely no indication that the fruits of criminal activity would probably be found at that location" in Hopewell); id. at 655, 472 S.E.2d at 654 (Fitzpatrick, J.) (concurring in decision that affidavit "clearly did not link the marijuana found in the Dinwiddie field to appellants' residence at 803 Pine Avenue in Hopewell" but opining that record established good-faith exception applied).

Here, in contrast to Janis, the affidavit itself contained the address of appellant's residence at 926 Wilson Street and indicated "[s]urveillance . . . show[ed]" appellant occupied both that and "another residence," 769 A Avenue, Apartment A,[1] in which the informant had made multiple controlled purchases of contraband from appellant.[2] Police observed appellant "coming and going from each location." More importantly, the affidavit in appellant's case contained the sworn statement of the affiant, an eight-year veteran of the police force with training in narcotics interdiction and almost two years' experience investigating narcotics distribution, that "records, ledgers, monies, packaging materials and other narcotics related paraphernalia are kept at places where persons involved in illegal narcotics stay."

> A magistrate is entitled to draw reasonable inferences about where incriminating evidence is likely to be found, based on the nature of the evidence and the type of offense. In the case of drug dealers, evidence of that on-going criminal activity is likely to be found where the dealer resides. Thus, [a] magistrate reasonably [may] infer the probability that drugs, or drug paraphernalia, or records,

---

[1] The reasonableness of the search of the A Avenue apartment is not before us on appeal and is relevant only to the extent that the facts alleged in the affidavits accompanying both warrants indicated that appellant was selling drugs, alcohol and cigarettes from the A Avenue location while residing at the Wilson Road address. After the search of 926 Wilson Road, the police obtained an additional warrant to search 928 Wilson Road, which was part of a house containing both addresses. Appellant challenges the search of 928 Wilson Road only to the extent that evidence obtained in the search of 926 Wilson Road was subsequently used to obtain the warrant to search 928 Wilson Road.

[2] The affidavit recites the information upon which the affiant based his conclusion that the informant was reliable, and appellant does not challenge this claim on appeal.

On brief on appeal, appellant does contend that the affidavit contains no indication when the informant first communicated to the affiant that appellant was engaging in illegal sales activity at the A Avenue address and no information regarding in what year the controlled purchases took place. In the trial court, however, appellant contended the warrant was deficient only because it contained insufficient evidence providing a nexus between the reported and observed activities at the A Avenue location and appellant's residence on Wilson Street. Appellant did not contend the information from the informant or the surveillance may have been too remote in time to have been of value. Thus, Rule 5A:18 bars appellant from raising these contentions on appeal.

- 4 -

> or other evidence of [the individual's] suspected drug-related
> activity [will] be found in his residence.

Gwinn v. Commonwealth, 16 Va. App. 972, 975, 434 S.E.2d 901, 904 (1993) (citations omitted).

That appellant was never seen carrying contraband or records to or from his residence at 926 Wilson Road and "might" instead have "maintain[ed] records . . . at a stash house, a storage facility, or in his vehicle," as appellant argues on brief, does not require a different result. Probable cause "'does not require actual knowledge. "Only the probability, and not a *prima facie* showing, . . . is the standard of probable cause."'" Quigley v. Commonwealth, 14 Va. App. 28, 34, 414 S.E.2d 851, 855 (1992) (quoting Wescott v. Commonwealth, 216 Va. 123, 126, 216 S.E.2d 60, 63 (1975)) (other citations omitted).

Because we conclude the affidavit underlying the warrant provided the magistrate with a substantial basis for concluding probable cause existed and, thus, that the evidence seized by the police pursuant to the search warrant was admissible, we need not consider appellant's additional argument that the good faith exception to the exclusionary rule set forth in United States v. Leon, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984), does not apply.

B.

SUFFICIENCY OF EVIDENCE TO PROVE CONSTRUCTIVE POSSESSION

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proved facts are matters to be determined by the fact finder. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The judgment will not be set aside unless it is plainly wrong or without supporting evidence. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Proof that appellant constructively possessed the gun found beneath his mattress was sufficient to support his conviction for possession of a firearm by a convicted felon. Blake v. Commonwealth, 15 Va. App. 706, 708-09, 427 S.E.2d 219, 220-21 (1993) (holding that principles applicable to constructive possession of drugs also apply to constructive possession of firearm).

> "To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [contraband] and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). Possession "need not always be exclusive. The defendant may share it with one or more." Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc). Although mere proximity to the contraband is insufficient to establish possession, it is a factor that may be considered in determining whether a defendant possessed the contraband. Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc). Ownership or occupancy of the premises on which the contraband was found is likewise a circumstance probative of possession. Drew, 230 Va. at 473, 338 S.E.2d at 845 (citing Code § 18.2-250). Thus, in resolving this issue, the Court must consider "the totality of the circumstances disclosed by the evidence." Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

Circumstantial evidence of such possession is sufficient to support a conviction, provided it excludes every reasonable hypothesis of innocence. Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d

27, 29 (1993). Whether an alternative hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong. Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919)).

The only reasonable hypothesis flowing from the evidence in this case is that appellant constructively possessed the firearm found beneath the mattress. The evidence, viewed in the light most favorable to the Commonwealth, established that appellant was the only person who resided at 926 Wilson Road, which contained only one bedroom and one bed. Police surveilled the residence on three different dates during the ten days prior to the search and saw only appellant coming and going from the residence. On one of those occasions, they observed appellant take the residence's garbage can to the curb, providing further circumstantial evidence that he resided there. When police searched the residence pursuant to the warrant and found the firearm beneath the mattress, they found two boxes of ammunition of the same caliber as the gun. That ammunition was in plain view in a closet that also contained a "stack[]" of navy blue coveralls of the same type appellant was wearing each time they had conducted surveillance. They found only men's clothing and men's personal items in the room, and the overwhelming majority of paperwork found in the room bore appellant's name at the 926 Wilson Road address. See, e.g., Shurbaji v. Commonwealth, 18 Va. App. 415, 424, 444 S.E.2d 549, 554 (1994).

Appellant's offer of testimony from close friend Edward Jones, who had at least two prior felony convictions, does not require a different result. First, Jones testified that appellant ordinarily resided at 926 Wilson Road. Although Jones claimed appellant left the residence and

- 7 -

slept elsewhere when Jones came to town, the trial court, as the fact finder, was entitled to reject as not credible Jones's testimony that he lived intermittently at 926 Wilson Road and still had clothing and perhaps other personal possessions there. See, e.g., Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993) (holding fact finder may accept the parts of a witness' testimony it finds believable and reject other parts as implausible). Second, Jones admitted he was living in New York State during October 2002, when the search warrant was executed. Although evidence established that the sanitation bill for 926 Wilson Road was in Jones's name, it had been in Jones's name since 1994, and the bill continued to be delivered to 926 Wilson Road, where it could have been received and paid by anyone. Numerous other utility bills for the residence were in appellant's name, and receipts found in the residence for various automotive parts also bore appellant's name and the Wilson Road address.

Thus, the only reasonable hypothesis flowing from the evidence, viewed in the light most favorable to the Commonwealth, was that appellant had at least joint constructive possession of the firearm found beneath his mattress.

## II.

For these reasons, we hold the affidavit contained sufficient allegations to constitute probable cause for issuance of the challenged search warrant and that the evidence was sufficient to prove appellant exercised constructive possession of the firearm. Thus, we affirm the challenged convictions.

Affirmed.