UNPUBLISHED

# COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Ortiz and Senior Judge Clements
Argued by videoconference

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
v.     Record No. 1323-22-4     JUDGE DANIEL E. ORTIZ
JANUARY 31, 2023

IRINA S. BARRETT

FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
James E. Plowman, Jr., Judge

Aaron J. Campbell, Assistant Attorney General (Jason S. Miyares,
Attorney General, on briefs), for appellant.

Earl "Trey" Mayfield (Juris Day, PLLC, on brief), for appellee.

Probable cause is a comparatively low standard, requiring only a "probability or substantial chance of criminal activity" to be met. Here, after receiving a complaint about a deceased dog, as well as other neglected canines, Corporal Aaron Vescovi applied for a search warrant for Irina Barrett's property. Finding probable cause, the magistrate granted the search warrant. Although the Fauquier County Circuit Court denied Barrett's motion to suppress in the companion civil forfeiture case, it granted her motion to suppress in the criminal case, finding that the search warrant affidavit lacked probable cause and the good faith exception did not apply. The Commonwealth assigns error to the granting of the motion to suppress, asserting that the affidavits and sworn testimony before the magistrate provided probable cause and, alternatively, that the good faith exception applied. Because we find that Vescovi's affidavit demonstrated probable cause, we reverse and remand this matter to the trial court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

# I.  BACKGROUND[1]

Irina Barrett owns a dog breeding business in Fauquier County.  On January 28, 2020, police obtained a search warrant for her property based on Corporal Vescovi's affidavit, which alleged that Barrett committed animal cruelty, in violation of Code § 3.2-6570.  The affidavit stated:

> Your affiant is investigating Irina Barrett for animal cruelty.  As a result of this investigation, your affiant recovered a deceased dog, "Yeva", displaying signs of severe neglect.  A necropsy was performed on the dog by Dr. Weisman, DVM.  The necropsy determined that "Yeva" did not receive adequate care and endured extreme suffering.  Irina Barrett keeps a large number of dogs [at] her residence on Beverleys Mill Rd which your affiant has personally viewed.  There is reasonable concern these dogs are also being neglected.  Irina runs a website and appears to communicate with customers via electronic methods.
>
> Your affiant personally spoke with Dr. Weisman and also viewed "Yeva".  Your affiant also spoke with two veterinary technicians employed by Main St Vet Hospital where Irina takes her companion animals.  Vet tech M.S. and L.K. personally attest Irina has been bringing neglected dogs into the clinic for an extended period of time.

The criminal complaint, attached to the affidavit, stated: "Between 03/31/2019 and 01/21/2020, Irina Barrett failed to provide adequate care for canine 'Yeva'.  This lack of care directly resulted in the death of 'Yeva'."  The criminal complaint listed Barrett's charges as Code §§ 3.2-6503, -6570.  Vescovi also provided sworn testimony in support of his search warrant affidavit, which was not preserved verbatim.

Approximately 75 dogs were seized from Barrett's property when the warrant was executed.  The Commonwealth brought a civil forfeiture case against Barrett, as well as a

---

[1] The material facts are undisputed.  When reviewing a trial court's decision to suppress evidence, "[w]e view the evidence in a light most favorable to [the defendant], the prevailing party below, and we grant all reasonable inferences fairly deducible from that evidence." *Commonwealth v. Grimstead*, 12 Va. App. 1066, 1067 (1991).

criminal case for five counts of animal cruelty. In the civil forfeiture case, Barrett moved to suppress the evidence, arguing that the search warrant affidavit was insufficient and that the resulting warrant lacked probable cause. The general district court granted the motion to suppress, and the Commonwealth appealed. On July 28, 2020, the circuit court reviewed de novo and denied the motion to suppress in the civil forfeiture case. It found that the search warrant was supported by probable cause and, alternatively, that the good faith exception to the exclusionary rule applied.

In the criminal case—the subject of this appeal—Barrett again moved to suppress the evidence. On July 29, 2021, the circuit court held a suppression hearing in the criminal case. The parties stipulated that the July 28, 2020 proceedings contained identical facts and presented no new evidence. The circuit court granted the motion to suppress in the criminal case, finding that the search warrant affidavit lacked probable cause and the good faith exception did not apply, as the affidavit was so lacking that it was unreasonable for the officers to rely on it. As a result, the Commonwealth appealed.

## II. STANDARD OF REVIEW

When reviewing the Commonwealth's appeal of an order granting a motion to suppress, we view the evidence "in the light most favorable to the defendant and findings of fact are entitled to a presumption of correctness unless they are plainly wrong or without evidence to support them." *Commonwealth v. Peterson*, 15 Va. App. 486, 487 (1992). Application of the law to the facts is reviewed de novo. *Jones v. Commonwealth*, 71 Va. App. 375, 380 (2019).

- 3 -

III.  DISCUSSION

Although Barrett contends that a Fourth Amendment violation occurred due to the affidavit lacking in probable cause, when viewed together, the criminal complaint and search warrant affidavit provide probable cause, independent of Vescovi's sworn testimony.[2]

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and prohibits issuing warrants without "probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.  A search is reasonable when supported by a valid warrant.  *Buhrman v. Commonwealth*, 275 Va. 501, 505 (2008).  Probable cause, "as the very name implies, deals with probabilities."  *Derr v. Commonwealth*, 242 Va. 413, 421 (1991).  It "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity," *Joyce v. Commonwealth*, 56 Va. App. 646, 659 (2010) (quoting *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983)), and "does not 'demand any showing that such a belief be . . . more likely true than false,'" *Slayton v. Commonwealth*, 41 Va. App. 101, 106 (2003) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983) (plurality opinion)).  Probable cause is a "flexible, common-sense standard," *Gates*, 462 U.S. at 239, and "does not demand all certitude . . . for a search to be justified," *Evans v. Commonwealth*, 290 Va. 277, 287 (2015).

---

[2] The Commonwealth alleges that the trial court erred in considering only the written search warrant affidavit but not the sworn statements that Vescovi made to the magistrate in support of the search warrant.  Barrett counters that Code § 19.2-54 limits the trial court's review to only the four corners of a search warrant affidavit and the statements before the magistrate that were "made under oath or affirmation and preserved verbatim."  Code § 19.2-54.  Because we conclude that the criminal complaint and search warrant affidavit provided probable cause to support the warrant, we need not consider this question.  "[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'"  *Commonwealth v. White*, 293 Va. 411, 419 (2017) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015)).

We consider "the sworn, written facts stated in the search warrant affidavit" and "information simultaneously presented to a magistrate" when determining whether probable cause existed. *Adams v. Commonwealth*, 275 Va. 260, 270 (2008). In determining whether an affidavit sets forth probable cause, a magistrate must make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that . . . evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238. In doing so, the magistrate may draw reasonable inferences from the facts alleged in the affidavit. *Gwinn v. Commonwealth*, 16 Va. App. 972, 975 (1993). Because a finding of probable cause does not require finding that it is "more likely true than false," *Slayton*, 41 Va. App. at 106, that a crime has been committed, a magistrate "need only conclude that it would be reasonable to" believe that a crime may have been committed and that there may be "evidence [of that crime] in the place indicated in the affidavit," *Gwinn*, 16 Va. App. at 975.

Finally, "courts should not invalidate . . . warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner." *Anzualda v. Commonwealth*, 44 Va. App. 764, 775 (2005) (en banc) (quoting *United States v. Ventresca*, 380 U.S. 102, 109 (1965)). Search warrants are presumed valid; the defendant has the burden of "proving that the warrant is illegal or invalid." *Lebedun v. Commonwealth*, 27 Va. App. 697, 711 (1998).

All search warrant affidavits—"statements, made under oath or affirmation and preserved verbatim"—may be considered by a magistrate to determine whether probable cause exists. *Adams*, 275 Va. at 270; Code § 19.2-54. Both parties agree that the criminal complaint and the written affidavit may be used to determine whether probable cause existed. When considered together, the criminal complaint and Vescovi's written affidavit provide probable cause that Barrett engaged in animal cruelty and that such evidence would likely be found on her property.

On its face, Vescovi's search warrant affidavit connects the deceased dog to Barrett, provides the time and location of the offense, and contains non-conclusory information supporting probable cause. The plain language of the affidavit connects "Yeva" to Barrett. It states: "Your affiant is investigating Irina Barrett for animal cruelty. *As a result of this investigation*, your affiant recovered a deceased dog, 'Yeva' . . . ." (Emphasis added). It also provides the time and location of the offense. Magistrates "may draw reasonable inferences" from the information presented, and their determinations are afforded "great deference by reviewing courts." *Gates*, 462 U.S. at 236; *Anzualda*, 44 Va. App. at 775. Here, Vescovi stated that "Yeva" displayed "signs of severe neglect . . . did not receive adequate care and endured extreme suffering." Although Barrett argues that no specific time frame was provided in the affidavit,[3] neglect, particularly severe neglect, does not occur quickly. It can take weeks or months to occur. Vescovi provided sufficient information in his affidavit for the magistrate to draw the reasonable inference that the crime of animal cruelty likely occurred over many weeks. The affidavit also provides a clear location where the alleged crimes occurred. It states: "Irina Barrett keeps a large number of dogs [at] her residence on Beverleys Mill Rd which your affiant has personally viewed." Additionally, the magistrate properly considered the criminal complaint together with Vescovi's affidavit. The criminal complaint plainly contains the time and location of the alleged offense and explicitly connects Barrett to the deceased dog, "Yeva."

Finally, although Barrett contends that a blanket statement of "neglect" is conclusory, the affidavit provides much more than a conclusory statement of neglect. Vescovi provided his personal knowledge of the "signs of severe neglect" on "Yeva." He also included information from three witnesses at the veterinary clinic about "Yeva's" lack of "adequate care" and

---

[3] Alternatively, she argues that the time period articulated in the criminal complaint is too large.

"extreme suffering" and their concerns and knowledge about other neglected dogs in Barrett's care. And the caselaw is clear: "[C]ourts should not invalidate . . . warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner." *Anzualda*, 44 Va. App. at 775 (quoting *Ventresca*, 380 U.S. at, 109).

Viewed together, the criminal complaint and affidavit provide time and location, a nexus between the dead dog and Barrett, and non-conclusory information supporting probable cause, giving the magistrate sufficient evidence to decide that Barrett was "fair[ly] probab[ly]" committing animal cruelty on her property. *Gates*, 462 U.S. at 238. Thus, the magistrate had probable cause to issue the search warrant for Barrett's property. Because we find that probable cause existed, we do not address the good faith exception to the exclusionary rule.[4]

IV. CONCLUSION

For these reasons, we reverse the trial court's decision to grant the motion to suppress.

*Reversed and remanded*.

---

[4] Courts often "bypass the issue of probable cause and proceed directly to the question of whether the good faith exception applies"; however, such analysis is unwise. *Anzualda*, 44 Va. App. at n.3. "[C]onsistently sidestepping the issue of probable cause in favor of applying the good faith exception will inevitably permit the exception to swallow the rule." *Id.*